UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 11-00858 VAP (SPx)                    Date:  July 26, 2011

Title:     RRB INVESTMENTS, CORP. AS TRUSTEE FOR OLDUM TRUST
           #82697 *v.* GLENDA RICH, AN INDIVIDUAL, AND DOES 1 TO 10,
           INCLUSIVE
=============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

          Marva Dillard                       None Present
          Courtroom Deputy                    Court Reporter

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANTS:

          None                              None

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION TO CALIFORNIA
                    SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN
                    CHAMBERS)

        On January 24, 2011, Plaintiff RRB Investments Corp. ("Plaintiff") filed a
"Verified Complaint for Unlawful Detainer" against Defendant Glenda Rich
("Defendant") in the Superior Court for the County of Riverside.  (Doc. No. 1 (Not. of
Removal), Ex. A (Compl.).)  On June 2, 2011, Defendant, proceeding pro se,
removed the action to this Court on the basis of federal question jurisdiction.  (See
Not. of Removal at 2-3.)  Finding it lacks subject-matter jurisdiction, the Court
remands this action sua sponte.

MINUTES FORM 11                              Initials of Deputy Clerk ____md___
CIVIL -- GEN                    Page 1

Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §§ 1441, <u>et seq.</u>
The Ninth Circuit applies a strong presumption against removal jurisdiction, <u>Ethridge v. Harbor House Restaurant</u>, 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citing <u>Nishimoto v. Federman-Bachrach & Assocs.</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).  <u>See also</u> <u>In re Ford Motor Co./Citibank (South Dakota), N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); <u>see</u> <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law.  <u>Sullivan v. First Affiliated Sec., Inc.</u>, 813 F. 2d 1368, 1372 (9th Cir. 1987).

Defendant alleges removal is proper on the basis of federal question jurisdiction because the "Defendant filed a demurrer to the Complaint based on a defective notice, i.e., the Notice to Occupants to Vacate Premises, failed to comply with The Protecting Tenants at Foreclosure Act." (Not. of Removal ¶ 8.)  Defendant accordingly alleges federal question jurisdiction on the basis of her demurrer.  (<u>Id.</u> at ¶ 10.)

Defendant does not state a basis for federal question jurisdiction, however. From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Thus, no federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading.  Defendant accordingly has not demonstrated the Court may exercise jurisdiction on the basis of federal question, 28 U.S.C. § 1331.

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Though Defendant does not raise diversity as a grounds for removal, it appears there is no basis for diversity jurisdiction here because Plaintiff filed this action as a "limited civil case" with damages of no more than $10,000. (See generally Compl.)  As such, this case cannot meet the statutory amount in controversy requirement for diversity jurisdiction.  See 28 U.S.C. § 1332.

For these reasons, the Court lacks subject-matter jurisdiction.  As Defendant has not met her burden of establishing that the case is properly in federal court, the Court REMANDS the action to the Superior Court for the County of Riverside.

**IT IS SO ORDERED.**